UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL TIDWELL and INKA CHRISTIANSEN, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>THOR INDUSTRIES, INC.; DUTCHMEN MANUFACTURING, INC.; NORCO INDUSTRIES, INC.; and AFFORDABLE RV RENTALS, INC.,<br><br>Defendants. | Civil No. 05-CV-2088-L(BLM)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO CERTIFY CLASS [doc. #27] and DENYING *EX PARTE* APPLICATION FOR ORAL ARGUMENT and SUSTAINING OBJECTIONS TO DECLARATIONS FILED IN SUPPORT OF PLAINTIFFS' REPLY BRIEF and OVERRULING PLAINTIFFS' OBJECTIONS TO DEFENDANTS' WITNESSES** |

Currently pending is plaintiffs' motion for class certification which has been fully briefed.[1] The Court finds this matter suitable for determination on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1).

**Background**

Defendant Thor Industries, Inc. ("Thor") is a manufacturer of recreational vehicles. Thor is the issuer of the vehicles' warranty. Defendant Dutchman Manufacturing, Inc. ("Dutchman") is a wholly-owned subsidiary of Thor. Dutchman advertises, manufactures and sells various

---

[1] Defendant Norco Industries, Inc. has filed a response to plaintiffs' motion and also has filed a notice of joinder [doc. #52] in Thor and Dutchman's opposition to plaintiffs' motion.

brands of lightweight travel trailers including the Aerolite brand of trailer purchased by plaintiffs in July 2005 that is the subject of this litigation. Dutchman makes the trailer box and attaches it to the BAL Norco frame manufactured by defendant Norco Industries, Inc. ("Norco"). The frame is known as an "ultra-light" frame and the trailers are classified as "lightweight" because they are designed to be towed behind a pickup truck, van or SUV, which does not weigh more than a half ton.

(Exh. E, Norco Website).

Thor provides a warranty for the Aerolite trailers:

> The following manual outlines the THOR Exclusive One Year Bumper to Hitch Limited Warranty, Two Year Structural and Appliance Limited Warranty simply and clearly detailing the most impressive coverage in the industry for towable products. . . .
> Your new travel trailer, including the plumbing, heating and electrical systems, installed by the manufacturer, is warranted under normal use to be free from manufacturing defects in material and workmanship for a period of one (1) year from the date of purchase to the original owner.

(Exh. C, Owner's Manual).

Plaintiffs purchased a 2005 Aerolite 30BHSL travel trailer from defendant Affordable RV Rentals, Inc. ("Affordable RV") in July 2005, for an extended family trip to Mexico. Plaintiffs commenced their trip on September 7, 2005. After driving approximately 600 miles to San Diego, they realized that something was wrong with their travel trailer because the stove and counter top were crooked. Plaintiffs contacted Dutchman for the location of the nearest Dutchman authorized repair facility. The service manager at the repair facility told plaintiffs that their frame was bent and the trailer should not be moved or towed. Upon learning this information, plaintiffs again contacted Dutchman about the damage. Dutchman refused to honor plaintiffs' request for warranty coverage and suggested plaintiffs contact their insurance carrier.

Plaintiffs allege claims for violations of the Consumers Legal Remedies Act ("CLRA"), Civ. Code §§1750, *et seq.*; California's Unfair Competition Law ("UCL"), California Bus. & Prof. Code §§ 17200, *et seq.*; Song-Beverly Consumer Warranty Act, Civ. Code §§ 1790, *et seq.*, breach of express warranty and declaratory relief. Plaintiffs contend that each of their claims can be established on a class-wide basis as to persons who fall within the class definition.

**Class Definition**

Plaintiffs seek to certify the following class:

> All persons in the United States who purchased or leased, other than for purposes of resale or distribution, a 2003 through 2006 model year Aerolite travel trailer, with a BAL Norco frame, at least eight (8) feet wide and twenty-four (24) feet long.

It should be noted that plaintiffs' proposed class includes all individuals who have purchased a 2003-2006 model year Aerolite trailer whether or not they have suffered injury in fact.

**Legal Standard for Class Certification**

All class actions in federal court must meet the following four prerequisites for class certification: (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a).

In addition, a plaintiff must comply with one of three sets of conditions set forth in Rule 23(b). Under Rule 23(b)(1), a class may be maintained if there is either a risk of prejudice from separate actions establishing incompatible standards of conduct or judgments in individual lawsuits would adversely affect the rights of other members of the class. Under Rule 23(b)(2), a plaintiff may maintain a class where the defendant has acted in a manner applicable to the entire class, making injunctive or declaratory relief appropriate. Finally, under Rule 23(b)(3), a class may be maintained where common questions of law and fact predominate over questions affecting individual members and where a class action is superior to other means to adjudicate the controversy. In the present case, plaintiffs are relying on Rule 23(b)(3).

In analyzing whether a plaintiff has met his burden to show that the above requirements are satisfied, a court is to "analyze[ ] the allegations of the complaint and the other material before [the court]," *i.e.,* "material sufficient to form reasonable judgment on each [Rule 23] requirement." *Blackie v. Barrack*, 524 F.2d 891, 900-01 (9th Cir. 1975) (noting further that a court is to take the substantive allegations in the complaint as true); *see also Hanon v.*

*Dataproducts, Corp.*, 976 F.2d 497, 509 (9th Cir. 1992)(finding that the court may consider evidence to ascertain whether Rule 23 has been met although the evidence relates to the merits); *Sepulveda v. Wal-Mart Stores, Inc.*, 237 F.R.D. 229, 233 (C.D. Cal.2006) ("[B]ecause 'the class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action,' a court must often look behind the pleadings 'to evaluate carefully the legitimacy of the named plaintiff's plea that he is a proper class representative under Rule 23(a).'")(*quoting Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 160 (1982) (citations and internal quotation marks omitted)). Although a court should not conduct a hearing on the merits of the plaintiffs' claims when determining class certification, *see Valentino v. Carter-Wallace, Inc.*, 97 F.3d 1227, 1232 (9th Cir. 1996), the issue of certification will ordinarily consider both factual and legal issues of plaintiff's claims. *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 469 (1978). Thus, "notwithstanding its obligation to take the allegations in the complaint as true, the Court is at liberty to consider evidence which goes to the requirements of Rule 23 even though the evidence may also relate to the underlying merits of the case." *In re Unioil Secs. Litig.*, 107 F.R.D. 615, 618 (C.D. Cal.1985).

"As the party seeking class certification, [plaintiff] bears the burden of demonstrating that she has met *each* of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b)." *See Zinser* v. Accufix Research Inst., 253 F.2d 1180, 1186 (9th Cir. 2001).

### Discussion

**A.    Rule 23(a) Factors**

   **1.    Numerosity**

Plaintiffs contend that the class satisfies the numerosity requirement because joinder would be impracticable. Plaintiffs state that their counsel's staff manually calculated the number of Aerolite trailer[2] sold during the relevant period, Model Years 2003-2006, and that were over 24 feet in length and were built on BAL Norco frames and found that 76 were sold in California

---

[2] Plaintiffs state that Dutchmen would not produce a spreadsheet in electronic format so that plaintiffs could determine easily the number of trailers sold by a particular make or model or by state of sale. (Decl. of Jennifer Daniel-Duckering in support of motion for class certification at 2).

1 and 3,171 were sold nationwide (excluding California). (Decl. of Jennifer Daniel-Duckering in
2 support of motion for class certification at 2).  Plaintiffs suggest that each and every Aerolite
3 trailer sold has a common defect, *i.e.*, a frame that is inadequately designed to support the trailer
4 box.  As a result, "each Class members' travel trailer is likely to have a shorter useful life as a
5 result of the defects."  (Plaintiffs' Memorandum at 4, citing Craig Decl., ¶¶10, 30).

6       There are several factors a court may consider in determining whether a plaintiff has
7 satisfied the numerosity requirement. First, a court may consider whether the size of the class
8 warrants certification. *Gen. Tel. Co. of the Northwest, Inc. v. E.E.O.C.*, 446 U.S. 318, 330, 100
9 S. Ct. 1698 (1980).  Though there is no exact numerical requirement, a class of fifteen or fewer
10 has been rejected. *Id.*; *Harik v. California Teachers Ass'n*, 326 F.3d 1042, 1051 (9th Cir. 2003).
11 "Although the absolute number of class members is not the sole determining factor, where a
12 class is large in numbers, joinder will usually be impracticable." *Jordan v. Los Angeles County,*
13 669 F.2d 1311, 1319 (9th Cir.1982) *vacated on other grounds* 459 U.S. 810, 103 S.Ct. 35, 74
14 L.Ed.2d 48 (1982).  Other factors include geographical diversity, ability of individual claimants
15 to institute separate suits, and whether injunctive or declaratory relief is sought. *Id.*   In *Jordan,*
16 the Ninth Circuit determined that the proposed class sizes in that suit of 39, 64, and 71 were
17 large enough such that the other factors need not be considered.  *Id.*

18       Here, plaintiffs argue that it is "substantially certain" that the defect will result in damage
19 in all 2003-2006 model year Aerolite trailers within the class definition, approximately 3,200
20 Aerolite trailers, 76 of which are found in California.  Plaintiffs do not suggest how many trailers
21 have suffered actual damage as the result of the allegedly defected trailer.[3]  Nevertheless, the
22 Court will accept that plaintiffs have shown numerosity.

23       **2.**      **Commonality**

24      Rule 23(a)(2) requires that questions of law or fact be common to the class.  "A class has
25 sufficient commonality 'if there are questions of fact and law which are common to the class.'"
26 FED. R. CIV. P. 23(a)(2).  The commonality preconditions of Rule 23(a)(2) "are less rigorous

---

28     [3]    Under the CLRA and UCL, plaintiffs must demonstrate an injury in fact.

than the companion requirements of Rule 23(b)(3)." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019 (9th Cir. 1998). All questions of fact and law need not be common to satisfy the rule. *Id.* "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Id.*

Plaintiffs contend that plaintiffs and all potential class members were injured by the same wrongful conduct and scheme of the defendants alleged in the Complaint. As plaintiffs state: "the factual claims of all members of the class arise from the same conduct of defendants including whether the trailers are defectively designed and are likely to file [sic] during their useful life, whether and when defendants became aware of a problem with the BAL Norco frames, and whether defendants continued to deny warranty coverage and/or blamed consumers for frame damage." (Plaintiffs' Memorandum at 10). Plaintiffs also contend that their Consumers Legal Remedies Act ("CLRA") claim focuses on defendants' conduct rather than any class member's unique attributes. *Id.* at 11. Similarly, plaintiffs contend that their breach of warranty claim presents common issues because each class member received the same warranty for trailers with the same inherent defects.[4] Finally, plaintiffs state that their Unfair Competition Law ("UCL") cause of action presents common questions for the entire class.

The Court finds that the proposed class shares sufficient factual commonality to satisfy the minimal requirements of Rule 23(a)(2).

### 3. Typicality

In order for a class representative to satisfy the typicality requirement of Rule 23(a), he or she must show that his or her claims do "not differ significantly from the claims or defenses of the class as whole." *In re Computer Memories*, 111 F.R.D. 675, 680 (N.D. Cal. 1986). "The purpose of the typicality requirement is to assure that the interest of the named representative aligns with the interests of the class." *Hanon*, 976 F.2d at 508. "Typicality refers to the nature of the claim or defense or the class representative, and not to the specific facts from which it arose or the relief sought." *Id.* The class representative's claims and the claims of the class must

---

[4] It should be noted that Thor alone provided the warranty on the travel trailers. Thus, there can be no warranty claim against defendant Norco.

arise from the same events or course of conduct and must be based on the same legal theory. *In re United Energy Corp. Solar Power Modules Tax Shelter Invs. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal.1988). The test of typicality is whether other members have the same or similar injury, whether the action is based on conduct which is not unique to the named plaintiffs, and whether other class members have been injured by the same course of conduct. A motion for class certification should not be granted if there is danger that absent class members will suffer because their representative is preoccupied with defenses unique to it. FED. R. CIV. P. 23(a) .

Defendants contend that plaintiffs' trailer was extensively modified by the additions of several aftermarket installations to the rear of the vehicle frame, including *inter alia*, the addition of skid wheels, a storage shelf to the rear of the unit, angle-iron brackets that were welded to the rear frame rail. Such modifications differentiate the plaintiffs' unit and derfenses from other class members.[5] When alleged defenses applicable to the representative plaintiffs are considered here, there is a significant danger that absent class members will suffer by the time and preoccupation named plaintiffs would have to devote to the applicable defenses unique to them. *See Hanon*, 976 F.2d at 508. Therefore, this action is based largely on conditions unique to the named plaintiffs.

Although the legal theories plaintiffs propose for the class are the same for all members, the factual events which would support those legal theories and the defenses are unique to each unit. Therefore, the Court finds that plaintiffs have failed to satisfy the typicality requirement. This finding alone requires the Court to deny the motion for class certification.

**4.     Adequate Representation**

Rule 23(a) requires that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon*, 150 F.3d at 1020 (citing *Hansberry v. Lee*, 311 U.S. 32, 42-43

---

[5] The Court also notes that the units owned by Affordable RV are not covered by the warranty because they are used in rental fleets, which are specifically excluded under the warranty provisions.

(1940)). "Resolution of two questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the action vigorously on behalf of the class?" *Id.*

### a. Plaintiffs

Plaintiffs assert they will fairly and adequately protect the interests of the members of the class in that there are no irreconcilable conflicts with or interests materially antagonistic to those of the other class members. Defendants argue, however, that plaintiffs cannot adequately represent the class because the damage to their trailer was likely caused by modifications they made in a particular and significant fashion. Therefore, according to defendants, there is a conflict between plaintiffs and other plaintiffs who either made specific modifications to their trailers, those who made no modification and those who have suffered no damage at all.[6]

Perhaps more importantly, there is a conflict between those who would allege that their travel trailer has already suffered damages and those who have reported no damage. For those who have suffered damage because of defendants' allegedly defective product, there is a goal of immediate compensation. For those who have reported no damage and may not ever have any damage, any discussion of damages would be wholly speculative and damages likely unwarranted under either the UCL or CLRA.

It appears at this time that plaintiffs may have conflicts with other members of the class who may or may not have modified their trailers in a fashion comparable to named plaintiffs.

### b. Counsel

Plaintiffs state that they have retained counsel who are experienced in the prosecution of consumer class actions and who have been appointed previously as adequate class counsel. Defendants do not challenge the competence of class counsel. However, because of the unique situation presented by named plaintiffs, defendants argue counsel may be required to devote much of their time to the named plaintiffs' unique situation. Although of concern, counsel appears adequate and sufficiently experienced to mitigate this situation if class treatment was

---

[6] There is an insufficient showing in the record currently before the Court that any other failures of the frame occurred without individual modifications or accidents.

granted.

**B.     Rule 23(b)(3) Factors**[7]

Rule 23(b)(3) requires that questions of law or fact common to the members of the class "predominate" over questions affecting only individual members, and that a class action is "superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3).

### 1.     Whether Common Issues Predominate

The predominance standard of Rule 23(b)(3) requires a stronger showing by plaintiffs than Rule 23(a)'s commonality standard.  "The Rule 23(b)(3) predominance inquiry tests whether [the] proposed class [is] sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997).  "Rule 23(b)(3) focuses on the relationship between the common and individual issues." *Hanlon*, 150 F.3d at 1022.

Defendants note that plaintiffs' trailer was modified in a significant fashion that is not common to all potential class members and may well defeat any warranty claim.  As defendants also note, the five Affordable RV units that plaintiffs refer to in support of their motion for class certification, were used as rentals which, according to defendants, would void any warranty claims, and all rental trailers showed varying degrees of damage to the units with no consistency from one trailer to the next.  Defendants also note the Tidwell's unit was a resale, *i.e.,* it had been delivered to a dealer in Florida then returned to Dutchmen, then repaired and sold to Affordable RV rentals and then resold to the Tidwells*,* (Opp. at 7, citing Garceau Decla., ¶ 15).  Thus, as defendants state: "Its history is unique."

As noted above, the proposed class includes 2003-2006 model year Aerolite travel trailers with a BAL Norco frame at least eight feet wide and 24 feet long but according to defendants' experts, from an engineering standpoint, the rear tail sections are of differing lengths and the length axle sections for every frame is different. (Garceau Decl., ¶ 16, Exh. D; Krider Decl., ¶

---

[7] Although the Court finds plaintiffs have not demonstrated typicality, the Court will continue with the discussion of Rule 23(b)(3) factors.

11; Smith Decl., ¶ 14). In other words, each frame would require an individualized assessment to determine its structural properties and capacity. Moreover, according to defendants, each trailer is unique because each user uses the unit differently, and floor plans, tow vehicle and loading factors are unique to each unit, (Krider Decl., ¶ 11; Smith Decl., ¶ 14) thereby requiring individualized factual determinations.

Plaintiffs have not persuaded the Court that common questions of fact predominate. Additionally, as discussed below, in a multistate action, variations in state law may overwhelm any common issues and defeat predominance. Thus, there is an insufficient showing of common and individual issue of law particularly with respect to the CLRA and UCL claims asserted.

### 2.     Superiority

Rule 23(b)(3) requires "that a class action [be] superior to other available methods for the fair and efficient adjudication of the controversy." Fed. R. Civ. P. 23(b)(3). Courts consider four non-exclusive factors in determining whether the class action is a superior device. These factors include: 1. the interest of class members individually controlling the prosecution or defense of separate actions; 2. the extent and nature of any litigation concerning the controversy already commenced by or against members of the class; 3. the desirability of concentrating the litigation of the claims in this particular forum; and 4. the manageability of the action as a class. FED. R. CIV. P. 23(b)(3); *Amchen Prods. Inc. v. Windsor*, 521 U.S. 591, 615-16 (1997). Here, plaintiffs' proposed class is not superior to individual adjudication of claims.

Plaintiffs argue that it is economically impracticable for all members of the class to prosecute individual actions against defendants, *i.e.,* that the value of class members' claims may be so small that a class action would be the most favorable way to adjudicate them. Also, plaintiffs contend that separate actions could result in inconsistent or varying adjudications with respect to individual class members; and no member of the class has sustained damages sufficient to warrant litigation of all claims separately. Nevertheless, because there are likely to be unique issues of use and modification as to each plaintiff, there are too many individual issues raised by this litigation to find that a class action is superior to other methods of adjudication. Individual issues would permeate any determination of liability and damages. As a result, class

certification would not further judicial economy because some type of individual trial for every class member would necessarily be required and would complicate the management of the class.

More importantly, the desirability of concentrating the litigation of the claims in this particular forum is extremely small.  Plaintiffs assert that provisions of California law should be extended to all putative class members notwithstanding that just slightly over two percent of all the trailers sold were purchased in California.  Plaintiffs argue that California law and the consumer protection laws of other states are substantially similar to require the imposition of California law on all class members.  In *Hanlon*, the Ninth Circuit stated that "class counsel should be prepared to demonstrate the commonality of substantive law applicable to all class members."  *Hanlon*, 150 F.3d at 1022.  The choice of law can be a central issue to the Rule 23(b)(3) analysis.  *Zinser*, 253 F.3d at 1189.

Under the *Erie* doctrine, federal courts in diversity cases use the substantive choice of law rules of the forum state.  *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941); *Shannon-Vail Five, Inc. v. Bunch*, 270 F.3d 1207, 1210 (9th Cir. 2001).  Under California law, "[t]he fact that two states are involved does not in itself indicate that there is a conflict of laws or choice of law problem.  There is obviously no problem where the laws of the two states are identical."  *Stonewall Surplus Lines Ins. Co. v. Johnson Controls, Inc.*, 14 Cal. App. 4th 637, 642 (1993) (internal quotation marks and citations omitted).

California's choice of law requires that the court undertake a "three step 'governmental interest analysis' to address conflict of law claims and ascertain the most appropriate law applicable to the issues . . . ."  *Washington Mutual Bank v. Superior Court*, 24 Cal. 4th 906, 919 (2001).  The court must determine whether the law in each potentially concerned state differs from the law in California; what interest each state has in having its own law applied; and which state's interest would be more impaired if its law were not applied.  *Id.* at 919-20.

Here, there has been insufficient showing that the laws of potentially every state

represented by the class definition are identical or even substantially the same.[8]  Plaintiffs' statement that "[t]his Court may validly apply California's consumer protect laws to all multi-state class members claims, as there is no material variance in the state consumer protection laws" is without support in the record.  *See Walsh v. Ford Motor Co.*, 807 F.2d 1000, 1016 (D.C. Cir. 1986)("A court cannot accept such an assertion 'on faith.' [Plaintiffs], as class proponents, must show that is accurate.").

Plaintiffs also must be prepared to show how application of California law satisfies due process requirements in this case.  *See Zinser*, 253 F.3d at 1187.  California's substantive law can be applied in a constitutional manner when California has "significant contacts or significant aggregation of contacts, creating state interests, such that choice of its law is neither arbitrary nor fundamentally unfair."  *Phillips Petroleum Co. v. Shutts*, 472 797, 819 (1985).  Although Norco is headquartered in California, its frames were manufactured in Indiana.  Dutchmen and Thor are foreign corporations with their headquarters and manufacturing facilities in Indiana and Ohio. With such limited conduct by defendants in California, and such a small percentage of travel trailers having been sold in California, there is insignificant connection to California in this case to warrant imposition of California's substantive law on the proposed class.

Finally, if each class member has to litigate numerous and substantial separate issues to establish his or her right to recover individually, a class action is not "superior".  Separate issues would arise concerning individual plaintiffs who have made modifications to their trailers which would need to be separately considered.  As noted above, choice of law would need to be addressed on a state-by-state basis because it appears to violate due process if California law is applied on a nationwide basis.  Variations in state law may also create extreme management difficulties.

---

[8] Plaintiffs provide the declaration of Jennifer Daniel-Duckering in support of their motion for class certification in which she states that she has reviewed the relevant consumer protect laws of Indiana and Ohio. (Daniel-Duckering Decl. at ¶7).  She contends that the consumer protection laws do not materially conflict.  Nor do the breach of warranty laws in Indiana and Ohio materially conflict with California law.  The declaration provides no legal analysis to support her statements and does not address the fact that the laws of other states' laws may be applicable to a nationwide class action.

Plaintiffs have not demonstrated that class treatment is superior to individual adjudication. Although the Court acknowledges that some class members may not seek to bring an individual action against defendants, that concern does not override the showing that class treatment is not a superior method of adjudication under the facts presented.

### Conclusion

Based on the foregoing, **IT IS ORDERED** denying without prejudice motion for class certification.

**IT IS SO ORDERED.**

DATED: March 26, 2007

M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA L. MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL